Bernard S. Meyer, J.
Motion for an order directing the defendants to furnish the plaintiffs with copies of reports made by physicians who examined the plaintiffs on behalf of the defendants. Motion granted, hut in the exercise of discretion, the court will require that plaintiffs furnish defendants with copies of reports made by such of plaintiffs’ physicians as will be called by plaintiffs to testify at the trial.
The court does not construe Mansoor v. Simon (5 A D 2d 845) or Baum v. Nussenbaum (7 A D 2d 991) to mean that it is an abuse of discretion for Special Term to direct plaintiffs to furnish copies of medical reports, since in neither of those cases had Special Term’s discretion been exercised. While a refusal to impose such a condition may not he an abuse of discretion, its imposition would not appear to be an abuse of discretion either. Thus, in the First Department the rules have since December, 1958 (New York County, Supreme Ct. Rules, Trial Term, rule XII) required that defendant he furnished with plaintiff’s medical report prior to examination of plaintiff by defendant’s doctor. (See Curran v. Cas ella, 8 A D 2d 423.) In this department, the Statement of Readiness Rule (Rules App. Div., 2d Dept., Special Rule, eff. Jan. 15, 1957, as amd.) now requires authorization to defendant to inspect plaintiff’s hospital records. In the Third Department, in Rooney v. Colson (3 A D 2d 410, 412) the Appellate Division “ in accordance with the modern trend toward full disclosure on both sides ” exercised discretion to require exchange of medical reports. In the Federal courts, since 1937 the Federal Rules of Civil Procedure (rule *142 35) has required that where the party examined physically so requests, he must he given a copy of the physician’s report but must give in exchange reports of any examination, previously or thereafter made, of the same condition. Finally, the revised form of notice of pretrial hearing, recently adopted for use in this court in this county, now provides for “ furnishing copies to opposing counsel * * * of all medical reports of physicians who will testify upon the trial ’ ’ (underscoring in the original). In view of the present state of trial calendars and the salutary effect, in bringing about settlements and in reducing time consumed in presenting medical evidence at the trial, that may be expected as a result of the interchange of medical reports, the court concludes that its discretion should be exercised to require the interchange referred to above.
Short-form order signed.